IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Manhattan Avenue LLC,

    Plaintiff,                                        Case No.:  8:22-cv-2925-SDM-CPT

v.

City of Tampa, and
The Department of Waste Management,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants City of Tampa ("City") and its so-called 'Department of Waste Management,' by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss the Complaint (Doc. 1) filed by Plaintiff Manhattan Avenue LLC.  In support thereof, the City states as follows:

### I. Factual Allegations

On February 7, 2022, Plaintiff purchased the property located at 7409 S. Manhattan Ave. in Tampa (folio #s 139414.0000 and 139406.0000) ("Subject Property").  Doc. 1, ¶¶8-9; Doc. 1-2 at p. 4.  On that same date, Plaintiff (through its counsel) sent a letter to the City in which Plaintiff claimed that the Subject Property had been polluted by the City "over a period of years on a massive scale."  Doc. 1-1, p. 2.  More specifically, Plaintiff alleged that "[f]rom

1

the mid 1960's to 1991, the City of Tampa ran a landfill operation on twenty acres of adjoining land. …The operation was closed in 1991, but by then the damage was done." Id.  Plaintiff's letter demanded that the Subject Property "be restored to its pristine condition as of 1960" or that Plaintiff be compensated to the tune of more than five million dollars.  Doc. 1-1, p. 3.  By letter dated February 28, 2022, the City denied Plaintiff's claim.  Doc. 1-1, p. 4.

On December 22, 2022, Plaintiff filed this action against the City and a "sub-agency" of the City, which Plaintiff incorrectly identifies as the 'Department of Waste Management.' Doc. 1, p. 3, ¶B.[1] The Complaint contains three causes of action: (1) intentional trespass upon private property pursuant to sec. 810.08, *Florida Statutes* (Count I); (2) inverse condemnation (Count II); and (3) failure to properly close down the landfill and failure to use protocols of safety (Count III).  Doc. 1, pp. 7-8; 10.  As detailed below, each of these three claims must be dismissed.

## II.  Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "The

---

[1]  Although most of the paragraphs in the Complaint are numbered, there are two paragraphs between paragraphs 5 and 6 that are labeled "A" and "B."  Doc. 1, pp. 2-3.

2

pleader is not entitled to relief 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Martin v. Barrister's Collection Svcs., Inc.*, 2009 WL 10670325, *1 (M.D. Fla. Sept. 23, 2009) (citing *Iqbal*, 129 S. Ct. at 1950). "A complaint that provides labels and conclusions or a formulaic recitation of the elements of a cause of action is not adequate to survive a Rule 12 (b)(6) motion to dismiss." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (citation omitted).

### III.  Memorandum of Law

Plaintiff's Complaint is due to be dismissed for multiple reasons. First, while the Complaint names the 'Department of Waste Management' as a separate defendant, the City has no such department, and even assuming that Plaintiff is referring to the City's Department of Solid Waste, such department is not a separate legal entity and is not capable of suit. Second, Counts I and II must be dismissed because Plaintiff lacks standing to bring a trespass or inverse condemnation action given that it did not own the Subject Property at the time of the alleged acts that form the basis for these claims. And even if Plaintiff had been in possession of the Subject Property back when the alleged events occurred, its claims for trespass and inverse condemnation would be barred by the statute of limitations. Count III is subject to dismissal because the Complaint does not specify which Florida and/or federal law (and/or rule of the DEP or EPA) is being relied upon, nor does it allege that such law or rule

3

provides Plaintiff with a private right of action. Finally, Plaintiff's claim for punitive damages under section 768.73, *Florida Statutes*, must be dismissed because it is contrary to Florida law.

### A. The So-Called 'Department of Waste Management' is Not an Entity Capable of Suit and Should be Dismissed from Complaint

Plaintiff's Complaint alleges that the so-called 'Department of Waste Management' is a "sub-agency of the City, with its primary duty being the land uses in Tampa relevant to the control of waste materials for health and safety, and acts on behalf of the City of Tampa." Doc. 1, p. 3. While the City has a Department of Solid Waste, it has no department called 'Waste Management.' Moreover, "a municipal department is not a separate legal entity and does not have the capacity to sue or be sued." *Lederer v. Orlando Utilities Comm'n.*, 981 So.2d 521, 525-26 (Fla. 5th DCA 2008). Indeed, this Court has specifically recognized that the City's Department of Solid Waste is "merely a part of the City" and "lacks the powers of a separate legal entity," and, thus, is not capable of being sued. *Joseph v. City of Tampa Solid Waste Dept.*, 2012 WL 2865492, *1 (M.D. Fla. July 11, 2012). *See also Bairstow v. City of Ocala*, 2016 WL 1546468, *2 (M.D. Fla. April 15, 2016) ("Plaintiff cannot assert his claim against the [Ocala Police Department] because it is an integral part of the City and is not a distinct legal entity separate from the City."); *Jones v. Collier County Sheriff's Department*, 1996 WL 172989 (M.D. Fla. April 9, 1996)

4

(holding that under Florida law, sheriff's office does not have capacity to be sued); *Post v. City of Ft. Lauderdale*, 750 F.Supp. 1131 (S.D. Fla. 1990) (dismissing city's police department and building and zoning department on determination that only the city was proper defendant); *N. Miami Beach Water Bd. v. Gollin*¸ 171 So. 2d 584 (Fla. 3d DCA 1965) (finding city water board was not autonomous body, separate and apart from city).

As such, the so-called "Department of Waste Management" should be dismissed from all three counts of the Complaint.

> B. <u>Counts I and II Must be Dismissed Because Plaintiff Lacks Standing to Assert Trespass or Inverse Condemnation Claims and Such Claims are Barred by Statute of Limitations</u>

In Count I, Plaintiff seeks to impose liability upon the City for "intentional trespass upon private property pursuant to Fla. Stat. §810.08"; in Count II, Plaintiff asserts a claim for inverse condemnation. Doc. 1, pp. 7-8. As an initial matter, the City notes that section 810.08 is part of Florida's Criminal Code and has no applicability to a civil action. But even assuming that Plaintiff intends Count I to assert a claim for *civil* trespass, dismissal of Counts I and II are warranted for essentially the same reasons.

First, Plaintiff lacks standing to bring a trespass or inverse condemnation action because it did not own the land at the time of the alleged acts that form the basis for these claims. To wit, Plaintiff alleges that the acts that form the bases of its trespass and taking claims occurred decades ago and

had concluded by 1991. See Doc 1-1, at pp. 2-3. ("From the mid 1960's to 1991, the City of Tampa ran a landfill operation on twenty acres of adjoining land. …The operation was closed in 1991, but by then the damage was done."). Yet, as noted, Plaintiff did not purchase the subject property until February 7. 2022. On this point, *Department of Transportation v. Burnette* is instructive:

> Burnette's claim that his 100 acres is unconstitutionally "taken," entitling him to full compensation in the light of the highest and best use of his property, is rendered problematic by the stark fact that Burnette did not own any of this property when, years ago, the drainage system carried surface water across lands to the north now occupied by North Florida Junior College; nor when the old pipes and culverts were plugged, before 1969, and the Department failed to relieve the blockage; nor in 1969, when the Department completed the drainage turnabout, extended it southward, and increased its volume.

384 So.2d 916, 919 (Fla. 1st DCA 1980). Citing with approval to a Minnesota Supreme Court case, the court in *Burnette* concluded that:

> When the government interferes with a person's right to possession and enjoyment of his property to such an extent so as to create a "taking" in the constitutional sense, a right to compensation vests in the person owning the property at the time of such interference. This right has the status of property, is personal to the owner, and does not run with the land if he should subsequently transfer it without an assignment of such right.

*Id.* at 920 (quoting *Brooks Inv. Co. v. City of Bloomington*, 305 Minn, 305, 315-16, 232 N.W.2d 911, 918 (Minn. 1975)).

The same result was reached in *Simon v. Deer Meadows Homeowners' Ass'n.*, 277 So.3d 197 (Fla. 1st DCA 2019). There, the court affirmed the trial

6

court's determination that the plaintiff "could not assert a claim for inverse condemnation because, even if there had been a taking by the [c]ity, it occurred before [the plaintiff] (or the three prior owners) purchased the property and there was no evidence that [the plaintiff] had been transferred any interest in an inverse-condemnation claim." *Id.* at 198.

Not surprisingly, this same rationale applies to claims for trespass. *See, e.g., Gunning v. Equestleader.com, Inc.,* 253 So.3d 646, 648 (Fla. 2d DCA 2017) ("To sue and recover for a trespass, the plaintiff must have been the owner or rightfully in possession of the land at the time of the trespass."). To this point, the Complaint alleges that "Plaintiff never consented to Defendant's acts of trespassing." Doc. 1, ¶25. Of course, it would have been impossible for Plaintiff to consent to any acts involving the subject property from the mid 1960's to 1991 given that Plaintiff had no interest in the property at that time.

Moreover, even if Plaintiff *had* possessed any ownership interest in the property in 1991 or prior, it would still not be able to assert a claim for either civil trespass or inverse condemnation, as the statute of limitations for each is four years. *See Baker v. See, e.g., Hickman*, 969 So.2d 441, 442 (Fla. 5th DCA 2007) ("Subsections 95.11(3)(g) and 95.11(3)(p), Florida Statutes, provide that actions for trespass on real property … must be brought within four years."); *Sarasota Welfare Home, Inc. v. City of Sarasota*, 666 So.2d 171, 172 (Fla. 2d DCA 1995) (holding that statute of limitations for inverse condemnation claims

is four years). Plaintiff may seek to assert that the alleged trespass was a continuing tort. However, Florida courts recognize that "[a] continuing tort is 'established by continued tortious acts, not by continual harmful effects from an original, completed act.'" *Suarez v. City of Tampa*, 987 So.2d 681, 686 (Fla. 2d DCA 2008) (quoting *Horvath v. Delida*, 213 Mich.App. 620, 540 N.W.2d 760, 763 (1995)). As noted, Plaintiff alleges that the allegedly tortious acts here had concluded by 1991.

    C. <u>Count III Must be Dismissed Because it Fails to Identify any Specific Law upon which it is Based</u>

According to its caption, Count III of the Complaint is premised upon the City's purported "failure to properly close down the landfill and failure to use protocols of safety." Doc. 1, p. 12. Attempting to support this claim, Plaintiff vaguely alleges that:

    (1) "Florida and Federal law mandatorily require all entities including municipalities …. to place plastic liners and/or clay completely around the areas of all land used as landfills"; and

    (2) "Florida and Federal law and Rules of the Department of Environmental Protection, (The "DEP"), as well as those of the Environmental protection Agency, (the "EPA"), mandatorily require post-closing safety protocols, which include soil testing, monitoring wells, gas indicators, as well as other state and federal protocols."

8

Id. at ¶¶30-31.

However, Plaintiff's Complaint does not specify which Florida and/or federal law, and/or rule of the DEP or EPA, is being relied upon, let alone allege that such law or rule provides Plaintiff with a private right of action. Within Count III, the Complaint indicates that its Composite Exhibit "A"—a March 3, 2022 letter from Plaintiff's counsel to the City—lists "various mandates by the DEP/EPA with which [the City] failed to comply," (Doc. 1, ¶32), but Exhibit A contains no such list.[2]

D. <u>Plaintiff's Claim for Punitive Damages Must be Dismissed Because it is Contrary to Florida Law</u>

In each of its three counts, Plaintiff seeks "nominal damages of $1,500,000; compensatory damages of $14,000,000.00; punitive damages of $42,000,000.00, under §768.73(1)(a)(1), and §768.73(2)(c)," as well as lost profits, costs, and attorney's fees. Of course, a damage award of $1.5 million could hardly be called 'nominal.' Moreover, section 768.28(5)(a), *Florida Statues*, provides that punitive damages are not applicable to a case brought against a municipality.

---

[2] Plaintiff's failure to identify any specific federal law or rule in Count III also calls into question whether this Court has jurisdiction over this case, as Counts I and II appear to be based solely on state law.

## IV.  Conclusion

For the reasons stated herein, Defendants City of Tampa and the so-called 'Department of Waste Management' respectfully request that this Honorable Court enter an order dismissing Plaintiff's Complaint.

Respectfully submitted,

*/s/ David E. Harvey*
David Harvey, Esq.
Asst. City Attorney
Florida Bar No.:  610046
City Attorney's Office
315 E. Kennedy Blvd., 5th Floor
Tampa, FL  33602
Telephone: (813) 274-8791
David.Harvey@tampagov.net
Lisa.Levy@tampagov.net
Counsel for Defendants

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that on January 10, 2023, I conferred telephonically with David Townsend, counsel for Plaintiff, in a good faith effort to resolve this Motion, and that the parties were not able to agree on the resolution of all or part of the Motion.

*/s/ David E. Harvey*
David Harvey, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 19, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ David E. Harvey*
David Harvey, Esq.